NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0149n.06
Filed: February 24, 2006

No. 05-3580

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **CHRIS P. BAUER**, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| *Plaintiff-Appellant*, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| v. | ) | |
| | ) | **O P I N I O N** |
| **JO ANNE BARNHART**, Commissioner of Social | ) | |
| Security, | ) | |
| | | |
| *Defendant-Appellee*. | | |

BEFORE:     COLE, CLAY, GIBBONS, Circuit Judges.

**PER CURIAM.** Chris P. Bauer appeals the district court's order remanding his Social Security benefits claim to the Administrative Law Judge ("ALJ"), pursuant to 42 U.S.C. §405(g). The district court found that "remand is necessary to perform a proper evaluation so as to determine whether plaintiff's impairments [meet] or equal the Listing." Furthermore, the court held that even if Bauer does not meet the relevant Listing at step three, the testimony of the vocational expert must be compared to the Dictionary of Occupational Titles, in accordance with Social Security Regulation 00-4p. We agree, and accordingly affirm the district court's order on that court's reasoning.

On remand, the ALJ should proceed in accordance with the opinion of the district court, and should solicit and entertain medical evidence as to whether Bauer meets Listing 1.04A, effective February 19, 2002. Bauer's claim should not be subject to denial merely because, in the ALJ's words, "some of the required findings have occasionally been reported, but they were not

consistently present."  Listing 1.04A has, among other things, dropped the requirement of the

previous Listing (1.05C) that symptoms persists "for at least 3 months despite prescribed therapy."

The opinion of the district court is hereby **AFFIRMED**.